1 | Lee A. Sherman, Esq. (SBN 172198)
   | Douglas A. Wright, Esq. (SBN 239112)
2 | **CALLAHAN, McCUNE & WILLIS, APLC**
   | 111 Fashion Lane
3 | Tustin, California 92780-3397
   | Tel.:(714) 730-5700
4 | Fax: (714) 730-1642
   | E-mail:      Lee_Sherman@cmwlaw.net
5 |                   Douglas_Wright@cmwlaw.net

6 | Peter L. Recchia, Esq. (SBN 77857)
   | **LAW OFFICES OF PETER L. RECCHIA**
7 | 1605 E. 4th Street, Ste. 250
   | Santa Ana, CA 92701
8 | Tel: (714) 541-2858
   | Fax: (714) 541-6880
9 | E-mail:      Attnyrecchia@aol.com

10 | Gino P. Pietro, Esq. (SBN 129582)
    | **LAW OFFICES OF GINO PIETRO**
11 | 1605 E. 4th Street, Ste. 250
    | Santa Ana, CA 92701
12 | Tel.: (714) 542-5004
    | Fax: (714) 542-0815
13 | E-mail:      Pietrolaw@sbcglobal.net

14 | Attorneys for Plaintiffs JOSE L. ACOSTA, JR., ROBERT RANDALL, and
    | BERTRAM ROBISON

15 |

16 |                **UNITED STATES DISTRICT COURT**

17 |                **CENTRAL DISTRICT OF CALIFORNIA**

18 |                      **SOUTHERN DIVISION**

19 |

20 | JOSE L. ACOSTA, JR., ROBERT         Case No.: CV06-5060 SJO (SSx)
    | RANDALL, and BERTRAM
21 | ROBISON, individually, and on behalf  **COMPLEX LITIGATION**
    | of all other similarly situated,
22 |                                        **CLASS ACTION COMPLAINT**
    |            Plaintiffs,
23 |                                        **JURY TRIAL DEMANDED**
    |      v.
24 | TRANS UNION, LLC, and DOES 1 to
    | 10, Inclusive
25 |
    |            Defendants.
26 |
27 |
28 |

- 1 -

CLASS ACTION COMPLAINT



PAID

AUG 1 4 2006

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
_____ Deputy

1  **Plaintiffs hereby allege:**

2  ## I.   NATURE OF THE ACTION

3  1.     This lawsuit is brought as a class action by JOSE A. ACOSTA, ROBERT

4  RANDALL, and BERTRAM ROBISON (hereinafter collectively,

5  "PLAINTIFFS") on behalf of themselves and those persons similarly situated.

6  Plaintiffs seek class-wide recovery of damages, punitive damages, injunctive

7  relief, and attorneys fees for violations of the Federal Fair Credit Reporting Act,

8  15 U.S.C. § 1681 *et seq.*, the California Consumer Credit Reporting Agencies Act,

9  California Civil Code § 1785.1, *et seq.*, California Business and Professions Code

10  §§ 17200, *et seq.*, common law negligence and defamation claims from

11  Defendants TRANS UNION, LLC (hereinafter sometimes collectively referred to

12  as "DEFENDANT.")

13  ## JURISDICTION AND VENUE

14  2.     This Court has jurisdiction over PLAINTIFFS' claims pursuant to 15 U.S.C.

15  § 1681(p).  This also has jurisdiction over the instant case pursuant to 28 U.S.C.

16  Section 1332(d)(2) because this is a class action where the matter in controversy

17  exceeds the sum or value of $5,000,000, exclusive of interest and costs, and there

18  are members of the Plaintiff class who are citizens of a State different from that of

19  Defendant.

20  3.     This Court has jurisdiction over DEFENDANT because DEFENDANT has

21  sufficient minimum contacts within this District so as to render the exercise of

22  jurisdiction over the DEFENDANT by this Court consistent with traditional

23  notions of fair play and substantial justice.

24  4.     Venue is proper in this Court has jurisdiction over the claims of

25  PLAINTIFFS against DEFENDANT because at least one instance of the unlawful

26  conduct of DEFENDANT occurred in the Central District of California.

27  ## PLAINTIFFS

28  5.     At all times relevant herein, Plaintiff JOSE L. ACOSTA, JR. was and is a

- 2 -

CLASS ACTION COMPLAINT

resident of the State of California, County of Orange. Plaintiff JOSE L.
ACOSTA, JR. filed for Chapter 7 bankruptcy in September 2001 and his debts
were discharged in January 2002.

6.     At all times relevant herein, Plaintiff ROBERT RANDALL was and is a
resident of the State of California, County of Orange. Plaintiff ROBERT
RANDALL filed for Chapter 7 bankruptcy in January 2003 and his debts were
discharged in May 2003.

7.     At all times relevant herein, Plaintiff BERTRAM ROBISON was and is a
resident of the State of California, County of Los Angeles. Plaintiff BERTRAM
ROBISON filed for Chapter 7 bankruptcy in January 2004 and his debts were
discharged in September 2004.

## DEFENDANT

8.     As used in this Complaint, "DEFENDANT" refers to all defendants and
unless otherwise specified, every allegation with respect to one defendant is an
allegation with respect to each defendant.

9.     PLAINTIFFS are informed and believe and thereon allege that
DEFENDANT Trans Union, LLC is a limited liability company and is authorized
to do business in the State of California.

10.    DEFENDANT is a "consumer credit reporting agency" within the meaning
of the FCRA, 15 U.S.C. § 1681a(f). DEFENDANT regularly engages in the
business of assembling, evaluating, and disbursing information concerning
consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.
§ 1681a(d), to third parties.

11.    PLAINTIFFS do not know the true names and capacities, whether
individual, corporate, associate, or otherwise of defendant Does 1 through 10,
Inclusive. Such fictitious defendants are sued pursuant to United States District
Court, Central District of California Local Rule 19-1. PLAINTIFFS are informed
and believe and based upon such information and belief alleges that each fictitious

- 3 -

CLASS ACTION COMPLAINT

1  defendant was in some way responsible for, participated in, or contributed to the

2  matter and things of which PLAINTIFFS complain herein, and in some form and

3  under some theory, is subject to liability therefore.  When the exact nature and

4  identity of such fictitious defendants' responsibility for, participation in, and

5  contribution to the matters herein alleged is ascertained by PLAINTIFFS, they

6  will seek leave to amend this Complaint to set forth the same.

7  12.    All DEFENDANTS, and each of them, carried out a joint scheme, business

8  plan or policy in all respects pertinent hereto and all acts and omissions herein

9  complained of were performed within the course and scope of said relationship.

10  13.    DEFENDANT's founders, owners and executive officers directed,

11  authorized, ratified and/or participated in the conduct that gives rise to the claims

12  asserted herein and derived personal financial benefit from such conduct.

13  **FACTUAL ALLEGATIONS**

14  14.    Each and every PLAINTIFF, and all individuals similarly situated, filed a

15  Chapter 7 bankruptcy, which resulted in the discharge of their unsecured, non-

16  priority debts.

17  15.    After the Court discharged the unsecured, non-priority debts of

18  PLAINTIFFS and others similarly situated, DEFENDANT obtained the Chapter 7

19  bankruptcy filing and discharge information through third party public records

20  vendors.

21  16.    The information listed on the Schedule F relating to the specific accounts

22  that were discharged in the Chapter 7 bankruptcy filing was available to

23  DEFENDANT through the same third party public records vendors that acquire

24  the bankruptcy filing and discharge information, but DEFENDANT's

25  intentionally disregarded the information relating to the accounts that were

26  discharged.

27  17.    Instead of utilizing the discharged account information readily available

28  through the bankruptcy records, DEFENDANT's procedure to ensure maximum

- 4 -

CLASS ACTION COMPLAINT

possible accuracy of reporting the discharged account information was and is to report the discharged account information on the credit report of the PLAINTIFFS and others similarly situated as it is reported by its customer, or the furnisher of information. This procedure was and is utilized regardless of the accuracy of the information provided and in spite of the fact the actual accurate information was and is easily available to DEFENDANT through the third party public records vendors.

18. DEFENDANT is aware and has actual notice of routinely reported inaccurate discharged account information on consumer credit reports because PLAINTIFFS and many individuals similarly situated have either disputed the inaccurate information and requested reinvestigation, and/or have filed suit against DEFENDANT as a result of inaccurate discharged account information.

19. As a result of DEFENDANT's deliberate procedures, and reporting and reinvestigation practices, the consumer credit reports of PLAINTIFFS and those individuals similarly situated contain multiple tradelines, accounts, judgments and collections, which were known by DEFENDANT, or reasonably should have been known by DEFENDANT, to be discharged by a Chapter 7 bankruptcy filing, were reported in an inaccurate status, including pre-bankruptcy derogatory histories, balances and an otherwise non-bankruptcy status.

## CLASS ALLEGATIONS

20. Plaintiffs individually and on behalf of themselves and all persons similarly situated, seek class-wide relief for injuries resulting from the patterns and practices of unlawful conduct by DEFENDANT.

21. Plaintiffs seek to represent the following classes of persons:

    a. All consumers, as defined by 15 U.S.C. § 1681a(c) residing in the U.S. for whom Trans Union maintains a file, as defined by 15 U.S.C. § 1681a(g), who, on or after April 1, 1996 received a Chapter 7 bankruptcy discharge order from a United States

- 5 -

CLASS ACTION COMPLAINT

1  Bankruptcy Court.

2      b.  The Class contains two sub-classes for which relief is sought:

3          i.  <u>California Class Members</u>:  All Class members whose

4             Chapter 7 discharge orders were entered after May 12, 2001

5             <u>and</u> who reside in California.

6         ii.  <u>Non-California Class Members</u>:  All Class members whose

7             Chapter 7 bankruptcy discharge orders were entered after

8             October 3, 2003, <u>and</u> who reside outside California.

9  22.  PLAINTIFFS are informed and believe and thereon allege that the persons

10  in each of the classes are so numerous that joinder of all such persons is

11  impracticable and that the disposition of their claims as a class will benefit parties

12  and the Court.

13  23.  PLAINTIFFS are informed and believe that notice to the Class is possible

14  because the class members in each Class can be noticed through the addresses

15  maintained by DEFENDANT, or through publication or other reasonable means.

16  24.  There is a well-defined commonality of interest in questions of law

17  involving and affecting the Classes to be represented in that DEFENDANTS, on a

18  class-wide basis, violated similar laws as to all members of the Class.

19  25.  There is a well-defined commonality of interest in questions of fact

20  involving and affecting the Class members to be represented in that

21  DEFENDANT implemented a common plan or scheme, on a class-wide basis, the

22  report the Chapter 7 bankruptcy discharged account information as it is reported

23  by the creditor, regardless of its accuracy.

24  26.  The claims of PLAINTIFFS alleged herein are typical of those claims which

25  could be alleged by any member of the Classes and the relief sought is typical of

26  the relief which would be sought by each of the members of the Classes in

27  separate actions.

28  27.  PLAINTIFFS and their Counsel will fairly and adequately represent and

CLASS ACTION COMPLAINT

1  protect the interests of all members of the Classes.

2  28.   The prosecution of separate actions by individual members of the Classes

3  would create a risk of inconsistent and/or varying adjudications with respect to the

4  individual members of the Classes, establishing incompatible standards of conduct

5  for Defendants and resulting in the impairment of the rights of members of the

6  Classes and the disposition of their interests through actions to which they were

7  not parties.

8  29.   A single class action is superior to numerous individual actions as a means

9  of adjudicating these claims.  The claims of each individual are relatively small

10  making adjudication of individual claims cost prohibitive.

11  30.   The case is manageable for, among other reasons, the issue that will

12  predominate this action is whether the advertisements are misleading or likely to

13  deceive and not what occurred with each individual transaction.

14  31.   These classes of persons are easily ascertainable through DEFENDANT's

15  records.

16  **FIRST CAUSE OF ACTION**

17  By PLAINTIFFS individually and on behalf of all similarly situated, against

18  DEFENDANT

19  **(WILLFUL FAILURE TO FOLLOW REASONABLE PROCEDURES TO**

20  **ASSURE MAXIMUM POSSIBLE ACCURACY OF CREDIT REPORTS IN**

21  **VIOLATION OF 15 U.S.C. § 15 U.S.C. § 1681e and Cal. Civ. Code § 1785.14)**

22  32.   PLAINTIFFS, individually and on behalf of all individuals similarly

23  situated, hereby restate, re-allege, and incorporate by reference herein the

24  paragraphs stated above in this Class Action Complaint as though fully set forth

25  herein.

26  33.   DEFENDANT violated 15 U.S.C. § 1681e and Cal. Civ. Code § 1785.14 by

27  intentionally and willfully failing to establish or follow reasonable procedures to

28  assure maximum possible accuracy in the preparation of the consumer reports it

- 7 -

CLASS ACTION COMPLAINT

1  published and maintained concerning PLAINTIFFS and each member of the

2  Class.

3  34.   As a result of DEFENDANT's failure to comply with the FCRA and

4  CCRAA, PLAINTIFFS and the members of the Classes are entitled to recover

5  statutory damages, punitive damages, costs and attorneys fees in amount to be

6  determined by the Court pursuant to 15 U.S.C. § 1681n and Cal. Civ. Code §§

7  1785.31.

8  ## SECOND CAUSE OF ACTION

9  By PLAINTIFFS individually and on behalf of all similarly situated, against

10  DEFENDANT

11  **(NEGLIGENT FAILURE TO FOLLOW REASONABLE PROCEDURES**

12  **TO ASSURE MAXIMUM POSSIBLE ACCURACY OF CREDIT REPORTS**

13  **IN VIOLATION OF 15 U.S.C. § 15 U.S.C. § 1681e and Cal. Civ. Code §**

14  **1785.14)**

15  35.   PLAINTIFFS, individually and on behalf of all individuals similarly

16  situated, hereby restate, re-allege, and incorporate by reference herein the

17  paragraphs stated above in this Class Action Complaint as though fully set forth

18  herein.

19  36.   DEFENDANT violated 15 U.S.C. § 1681e and Cal. Civ. Code § 1785.14 by

20  failing to establish or follow reasonable procedures to assure maximum possible

21  accuracy in the preparation of the consumer reports it published and maintained

22  concerning PLAINTIFFS and each member of the Class.

23  37.   As a result of DEFENDANT's failure to comply with the FCRA and

24  CCRAA, PLAINTIFFS and the members of the Classes are entitled to recover

25  statutory damages, costs and attorneys fees in amount to be determined by the

26  Court pursuant to 15 U.S.C. § 1681o and Cal. Civ. Code § 1785.14.

27  ///

28

- 8 -

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

By PLAINTIFFS individually and on behalf of all similarly situated, against

DEFENDANT

**(WILLFUL FAILURE TO REASONABLY INVESTIGATE IN**

**VIOLATION OF 15 U.S.C. § 1681i AND CAL. CIV. CODE § 1785.16)**

38.   PLAINTIFFS, individually and on behalf of all individuals similarly

situated, hereby restate, re-allege, and incorporate by reference herein the

paragraphs stated above in this Class Action Complaint as though fully set forth

herein.

39.   DEFENDANT violated 15 U.S.C. § 1681i and Cal. Civ. Code § 1785.16 by

willfully failing to use reasonable reinvestigation practices for ascertaining the

accuracy of information relating to the discharged accounts and/or debts of

PLAINTIFFS and each member of the Class inaccurately reported in their credit

reports.

40.   As a result of DEFENDANT's failure to comply with 15 U.S.C. § 1681i and

Cal. Civ. Code § 1785.16, PLAINTIFFS and the members of the Classes are

entitled to recover statutory and punitive damages, costs and attorneys fees in

amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and Cal.

Civ. Code § 1785.31, and other damages to their credit ratings and other actual

damages.

**FOURTH CAUSE OF ACTION**

By PLAINTIFFS individually and on behalf of all similarly situated, against

DEFENDANT

**(NEGLIGENT FAILURE TO REASONABLY INVESTIGATE IN**

**VIOLATION OF 15 U.S.C. § 1681i AND CAL. CIV. CODE § 1785.16)**

41.   PLAINTIFFS, individually and on behalf of all individuals similarly

situated, hereby restate, re-allege, and incorporate by reference herein the

paragraphs stated above in this Class Action Complaint as though fully set forth

- 9 -

CLASS ACTION COMPLAINT

1  herein.

2  42.  DEFENDANT violated 15 U.S.C. § 1681i and Cal. Civ. Code § 1785.16 by

3  failing to use reasonable reinvestigation practices for ascertaining the accuracy of

4  information relating to the discharged accounts and/or debts of PLAINTIFFS and

5  each member of the Class inaccurately reported in their credit reports.

6  43.  As a result of DEFENDANT's negligent failure to comply with 15 U.S.C. §

7  1681i and Cal. Civ. Code § 1785.16, PLAINTIFFS and the members of the

8  Classes have suffered damages to their credit ratings and other actual damages.

9  **FIFTH CAUSE OF ACTION**

10  By PLAINTIFFS individually and on behalf of all similarly situated, against

11  DEFENDANT

12  **(UNFAIR BUSINESS PRACTICES PURSUANT TO CALIFORNIA**

13  **BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ.)**

14  44.  PLAINTIFFS, individually and on behalf of all individuals similarly

15  situated, hereby restate, re-allege, and incorporate by reference herein the

16  paragraphs stated above in this Class Action Complaint as though fully set forth

17  herein.

18  45.  DEFENDANT's conduct at all times mentioned herein constitutes unlawful

19  business competition within the meaning of California Business and Professions

20  Code § 17200, *et seq.* because it engaged in illegal conduct, including but not

21  limited to, violating 15 U.S.C. §§ 1681e and 1681i and Cal. Civ. Code §§ 1785.14

22  and 1785.16.

23  46.  DEFENDANT's inaccurate reporting of accounts and/or debts legally

24  discharged in Chapter 7 bankruptcy as due and owing constitutes unfair business

25  competition within the meaning of California Business and Professions Code §

26  17200, *et seq.*

27  47.  DEFENDANT's failure to use reasonable reinvestigation practices in

28  connection with its reporting of the status of discharged debts constitutes unfair

- 10 -

CLASS ACTION COMPLAINT

1   business competition within the meaning of California Business and Professions

2   Code § 17200, *et seq.*

3   48.   As a result of DEFENDANT's unfair and/or unlawful business practices,

4   PLAINTIFFS and members of the Classes have suffered injury in fact and have

5   suffered loss of money or property, including but not limited to erroneous credit

6   reports disseminated to third parties, their credit scores adversely affected; have

7   been denied credit, and/or received credit on terms that are less than favorable

8   than if their credit reports were accurately reported.

9   49.   As a result of DEFENDANT's unfair or unlawful business practices,

10   PLAINTIFFS and members of the Classes are entitled to injunctive relief.

### SIXTH CAUSE OF ACTION

12   By PLAINTIFFS individually and on behalf of all similarly situated, against

13   DEFENDANT

14   **(NEGLIGENCE)**

15   50.   PLAINTIFFS, individually and on behalf of all individuals similarly

16   situated, hereby restate, re-allege, and incorporate by reference herein the

17   paragraphs stated above in this Class Action Complaint as though fully set forth

18   herein.

19   51.   DEFENDANT, at all times mentioned herein, owed PLAINTIFFS and each

20   member of the Class a duty of care to follow and/or maintain reasonable

21   procedures to ensure maximum possible accuracy of the credit information

22   contained in their credit reports.

23   52.   DEFENDANT breached its duty of care by failing to follow and/or maintain

24   reasonable procedures to ensure maximum possible accuracy of the credit

25   information contained in the credit report of PLAINTIFFS and each member of

26   the Class; specifically DEFENDANT's procedures routinely resulted in reporting

27   of inaccurate information regarding the accounts and/or debts legally discharged

28   in the Chapter 7 bankruptcy proceedings of PLAINTIFFS and each member of the

- 11 -

CLASS ACTION COMPLAINT

1   Class.

2   53.   As a direct and proximate result of DEFENDANT's conduct, PLAINTIFFS

3   and each member of the Class have been damaged in amount according to proof.

4   ### SEVENTH CAUSE OF ACTION

5   By PLAINTIFFS individually and on behalf of all similarly situated, against

6   DEFENDANT

7   **(DEFAMATION)**

8   54.   PLAINTIFFS, individually and on behalf of all individuals similarly

9   situated, hereby restate, re-allege, and incorporate by reference herein the

10  paragraphs stated above in this Class Action Complaint as though fully set forth

11  herein.

12  55.   DEFENDANT, at all times mentioned herein, made false and defamatory

13  statements concerning the credit information of PLAINTIFFS and each member

14  of the Class, specifically with respect to the accounts and/or debts legally

15  discharged in the Chapter 7 bankruptcy proceedings of PLAINTIFFS and each

16  member of the Class.

17  56.   DEFENDANT made the unprivileged publication of the defamatory

18  statements to third parties.

19  57.   As a direct and proximate result of DEFENDANT's defamatory statements

20  and publication, PLAINTIFFS and each member of the Class have been damaged

21  in an amount according to proof.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

- 12 -

CLASS ACTION COMPLAINT

**PRAYER**

**WHEREFORE** PLAINTIFFS and all pray for judgment against

DEFENDANT and each of them as follows:

1. For injunctive relief;

2. For declaratory relief;

3. For actual damages;

4. For statutory damages;

5. For punitive damages;

6. For attorneys' fees and cost of suit; and

7. For such other and further relief as the Court deems just and proper.

DATED: AUGUST 11, 2006            **CALLAHAN MCCUNE & WILLIS APLC**


By:    _____

LEE A. SHERMAN, ESQ.
Attorney for the Plaintiffs and on behalf
of all others similarly situated

- 13 -

CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOSE ACOSTA, JR., ROBERT RANDALL, and BERTRAM ROBISON, individually, and on behalf of all other similarly situated

**DEFENDANTS**
TRANS UNION, LLC

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
ORANGE

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
COOK, ILLINOIS

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
LEE A. SHERMAN, ESQ. (172198)
DOUGLAS A. WRIGHT, ESQ. (239112)
CALLAHAN, MCCUNE & WILLIS, APLC
111 FASHION LANE, TUSTIN, CA 92780

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CREDIT REPORTING ACT-15 USC SECTION 1681 ET. SEQ.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**    Case Number: _____

CV06-5060 SJO (SSx)

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☑Yes

If yes, list case number(s): 05-CV-01073-DOC/MLGX

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☑A. Arise from the same or closely related transactions, happenings, or events; or

☑B. Call for determination of the same or substantially related or similar questions of law and fact; or

☑C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

ILLINOIS

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

ORANGE COUNTY

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

_Orange County_

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date  8/11/06

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV06- 5060 SJO (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.