1  Michael W. Sobol (State Bar No. 194857)
   (msobol@lchb.com)
2  Paul A. Moore (State Bar No. 241157)
   (pmoore@lchb.com)
3  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
4  Embarcadero Center West
   275 Battery Street, 30th Floor
5  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
6  Facsimile: (415) 956-1008

7  Michael A. Caddell (admitted *pro hac vice*)
   (mac@caddellchapman.com)
8  George Y. Niño (State Bar No. 144623)
   (gyn@caddellchapman.com)
9  CADDELL & CHAPMAN
   1331 Lamar, Suite 1070
10 Houston, Texas 77010-3027
   Telephone: (713) 751-0400
11 Facsimile: (713) 751-0906

12 *Attorneys for Plaintiffs*

13 [Additional Counsel listed on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSE L. ACOSTA, JR., ROBERT RANDALL, and BERTRAM ROBINSON, individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANS UNION, LLC, et al., and DOES 1 to 10, Inclusive<br><br>Defendants. | Case No. SA CV 06-5060 DOC (MLGx)<br><br>**DECLARATION OF ELIZABETH WARREN, IN SUPPORT OF PLAINTIFFS' OPPOSITION TO ACOSTA, ET AL.'S MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFFS IN THE RELATED *WHITE* AND *HERNANDEZ* MATTERS**<br><br>Date: November 20, 2006<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br>Judge: Hon. David O. Carter |

I, Elizabeth Warren, hereby declare the following:

- 1 -

1. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

2. I am the Leo Gottlieb Professor of Law at Harvard Law School. My areas of expertise include bankruptcy, commercial and contract law.

3. I have taught at Harvard Law School since 1992.

4. I submit this Declaration in support of the opposition to the Motion that has been filed seeking to disqualify the team of counsel that includes the National Consumer Law Center and Charles Juntikka.

5. I have had a long working relationship with and professional respect for the National Consumer Law Center ("NCLC"), dating back to the 1990's. I have spoken at recent NCLC conferences. I asked John Rao, a staff attorney at NCLC specializing in bankruptcy, to review a chapter in my recent book entitled "All Your Worth," and he is listed in the acknowledgements. He participated on a panel I moderated at a symposium held by the Harvard Symposium on Legislation. I also worked together with NCLC and other consumer organizations concerning strategy and drafting of amendments to the 2005 Bankruptcy Act.

6. I also have had a working relationship with attorney Charles Juntikka. For example, I consulted with him numerous times regarding issues arising from proposed changes to the Bankruptcy Code and media inquiries regarding the new bankruptcy law that finally took effect on October 17th of 2005.

7. In August 2006, I received a single call from an attorney identifying himself as Lee Sherman regarding the possibility of my serving as an expert witness for him. I accepted his call because, although I did not know him, he told me that a good friend of mine, Judge Ralph Mabey, was his expert. Mr. Sherman described in general terms a settlement regarding improved post-bankruptcy credit reporting practices, including some injunctive relief, but he did not provide me with any details. I told Mr. Sherman that I was too busy to take on another engagement because, among other things, I was teaching a double load in the fall 2006 semester. Nonetheless, because I am very interested in relief for consumers who have been hurt by improper credit reporting practices, I indicated that I would think about it, talk to Judge Mabey, and then let Mr. Sherman know whether I would consider working with him. Mr. Sherman asked if I would send him a copy of my resume and my hourly billing rate, and I agreed. Before I decided anything, however, I made it clear that I wanted to talk with Judge Mabey because I never work with attorneys I do not know or have not at least properly vetted.

8. When I called Judge Mabey, he informed me that he had not agreed to be an expert for Mr. Sherman and that he had talked with him, but he did not know Mr. Sherman. This contradiction with what Mr. Sherman had represented to me immediately gave me pause about agreeing to work with him. Judge Mabey and I agreed he would make some inquiries about Mr. Sherman. Later, Judge Mabey told me he had decided not to be an expert in the case, but did not say why.

9. In the early fall, I received a call from Charles Juntikka. He began to describe a case he was working on involving a settlement of a lawsuit concerning the post-bankruptcy credit reporting practices of the major credit reporting agencies. He had spoken only a sentence or two before I interrupted him. I said that I had heard about this case from another lawyer who had asked for help. I could not remember the lawyer's name, but I looked it up in my computer files and told Mr. Juntikka it was Mr. Sherman. He said that Mr. Sherman was working on a different settlement. He asked if I had been hired by Mr. Sherman. I said no, I had not been hired by Mr. Sherman, and that I did not think I had the time to get involved in the case just as classes were beginning. Mr. Juntikka asked that if I changed my mind to let him know. I believe that was the only time I spoke with Mr. Juntikka about this matter.

10. In the course of my communications with Mr. Sherman about whether I would serve as an expert witness in his case, Mr. Sherman gave me no confidential information and sent no documents to me. Following my first telephone call with Judge Mabey, the judge sent me an electronic copy of a document entitled on the computer file "Memorandum of Agreement." Judge Mabey said that Mr. Sherman sent the document to him as part of Mr. Sherman's effort to engage Judge Mabey in the case. I did not open the file at the time, and I still have not done so.

11. I never agreed to be an expert witness for Lee Sherman or anyone associated with him, and I was not formally or informally retained for that purpose.

12. I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

DATED: _November 6, 2006, at Cambridge, Mass.

*[signature]*

ELIZABETH WARREN