1  Michael W. Sobol (State Bar No. 194857)
   (msobol@lchb.com)
2  Paul A. Moore (State Bar No. 241157)
   (pmoore@lchb.com)
3  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
4  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
5  Facsimile: (415) 956-1008

6  Michael A. Caddell (admitted *pro hac vice*)
   (mac@caddellchapman.com)
7  Cynthia B. Chapman (State Bar No. 164471)
   (cbc@caddellchapman.com)
8  George Y. Niño (State Bar No. 146623)
   (gyn@caddellchapman.com)
9  CADDELL & CHAPMAN
   1331 Lamar, Suite 1070
10 Houston, TX 77010
   Telephone: (713) 751-0400
11 Facsimile: (713) 751-0906

12 *Attorneys for Plaintiffs*

13            UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15                   (Southern Division)

16

| | |
|---|---|
| 17  JOSE L. ACOSTA, *et al.*, | Case No. 06-cv-5060 DOC (MLG) |
| 18           Plaintiffs, | CORRECTED[1] DECLARATION OF MICHAEL W. SOBOL IN |
| 19  v. | SUPPORT OF OPPOSITION TO *EX PARTE* APPLICATION FOR AN |
| 20  TRANS UNION, LLC, *et al.*, | ORDER FOR EXPEDITED DEPOSITIONS OF [OUT OF STATE |
| 21           Defendants. | FACT WITNESSES] ELIZABETH WARREN AND EVAN |
| 22  | HENDRICKS TO BE COMPLETED IN THE OFFICES OF |
| 23  | PLAINTIFFS' COUNSEL IN ORANGE COUNTY, CALIFORNIA |
| 24  | WITHIN SIXTY DAYS |
| 25  | Judge:   Honorable David O. Carter |

26
27     I, Michael W. Sobol, declare and state:

28
---
[1] The corrected Declaration reads "In Support of Opposition to Ex Parte Application" instead of the mistaken original Declaration, which read "In Support of Ex Parte Application".   DECLARATION OF MICHAEL W. SOBOL.
                                                                                              *Acosta v. Trans Union – Case No. CV 06-05060 DOC (MLG)*
- 1 -

582098.1

1. I am a member in good standing of the California State Bar and this Court, and a partner in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"). I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

2. I am one of the attorneys representing plaintiffs Terri N. White, et al., in actions pending in this Court against Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") which are consolidated with action brought by Jose Hernandez against those same defendants, (together, "White/Hernandez"), and which are related to the above-captioned action and another action pending against Equifax (together, "Acosta/Pike").

3. On November 17, 2006, the Court entered an Order denying the Acosta/Pike plaintiffs' motion to disqualify the White/Hernandez plaintiffs' counsel. The Court stated in that Order that it would "entertain a formal motion . . . for expedited depositions to clarify the factual issues here in dispute."

4. On November 21, 2006, Acosta/Pike counsel sent a letter requesting that White/Hernandez counsel agree to an order setting the expedited depositions of two out-of-state fact witnesses, Evan Hendricks and Elizabeth Warren. Attached hereto as Exhibit A is a true and accurate copy of the November 21, 2006, letter.

5. On November 27, 2006, White/Hernandez plaintiffs replied that they would not oppose expediting those depositions, even though they believed them to be unproductive and unnecessary. However, we also stated, in pertinent part: "we do not think it is appropriate to require that the depositions take place in California. We would suggest instead that they be deposed via telephone or video conference, or in person in Boston (both witnesses, if Mr. Hendricks is willing to take the shuttle there), or in Boston (Warren) and Washington D.C. (Hendricks), unless they happen to be willing to volunteer to travel to California." Attached hereto as Exhibit B is a true and accurate copy of White/Hernandez plaintiffs' the

| | |
|---|---|
| 1 | November 21, 2006, email. |
| 2 | 6. On November 27, 2006, *Acosta/Pike* plaintiffs responded, |
| 3 | suggesting that the parties jointly call the witnesses regarding the scheduling of |
| 4 | their depositions and to "ask *whether* they will be willing to travel to California for |
| 5 | deposition." (Emphasis added.) *Acosta/Pike* plaintiffs expressly noted the |
| 6 | *White/Hernandez* plaintiffs' "caveat that we check with the witnesses to see if they |
| 7 | will agree to come to California." Attached hereto as Exhibit C is a true and |
| 8 | accurate copy of *Acosta/Pike* plaintiffs' November 27, 2006, letter. |
| 9 | 7. On November 28, 2006, *White/Hernandez* plaintiffs sent an |
| 10 | email offering to facilitate the scheduling of the depositions. Attached hereto as |
| 11 | Exhibit D is a true and accurate copy of *White/Hernandez* plaintiffs' November 28, |
| 12 | 2006, email. In a November 29, 2006, letter the *Acosta/Pike* plaintiffs decline the |
| 13 | *White/Hernandez* plaintiffs' offer to facilitate the scheduling of the depositions. |
| 14 | Attached hereto as Exhibit E is a true and accurate copy of *Acosta/Pike* plaintiffs' |
| 15 | November 29, 2006, letter. |
| 16 | 8. On November 29, 2006, the *White/Hernandez* plaintiffs wrote to |
| 17 | the *Acosta/Pike* plaintiffs, restating their agreement to have the depositions |
| 18 | conducted an expedited basis, but also noting that while "we will not oppose the |
| 19 | depositions occurring on an expedited basis, but nonetheless cannot commit to |
| 20 | either the scheduling timetable you suggest or that they should be held at your |
| 21 | office because we have no information about the witnesses' availability or their |
| 22 | willingness to have the depositions conducted there." Attached hereto as Exhibit F |
| 23 | is a true and accurate copy of *White/Hernandez* plaintiffs' November 29, 2006, |
| 24 | email. |
| 25 | 9. In the November 29, 2006, the *White/Hernandez* plaintiffs also |
| 26 | suggested that the parties agree upon a letter that could be sent to the out-of-state |
| 27 | fact witnesses apprising them of Acosta/Pike's request to take their depositions. |
| 28 | The parties agreed to the form of those letters, which are included in the |

- 3 -

DECLARATION OF MICHAEL W. SOBOL.
*Acosta v. Trans Union* – Case No. CV 06-05060 DOC (MLG)

582098.1

*Acosta/Pike* plaintiffs' *ex parte* application.

10. The *Acosta/Pike* plaintiffs have not communicated with the *White/Hernandez* plaintiffs regarding the issue of the depositions of the out-of-state fact witnesses since November 29, 2006 (other than being copied on the December 5, 2006, letters to the witnesses). The *Acosta/Pike* plaintiffs never informed the *White/Hernandez* plaintiffs of their intent to make the *ex parte* application, and never consulted with them about the *ex parte* application as required under Local Rule 7-19.

11. In the application, the *Acosta/Pike* plaintiffs mislead the Court by stating that the *White/Hernandez* plaintiffs "do not oppose the instant request for the setting of these depositions." Actually, as is plain from the correspondence referred to above, the *White/Hernandez* plaintiffs, while they have consistently agreed to expediting the depositions, have consistently opposed the ordering of the depositions taking place in California unless agreed to by the out-of-state witnesses.

12. On December 18, 2006, the *White/Hernandez* plaintiffs informed the *Acosta/Pike* plaintiffs of their intention to oppose the *ex parte* application on the grounds that it was improperly filed under Local 7-19 and misstates the position of the *White/Hernandez* plaintiffs. Attached hereto as Exhibit G is a true and accurate copy of *White/Hernandez* plaintiffs' December 18, 2006, letter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of December, 2006, San Francisco, California.

Michael W. Sobol