ORIGINAL

Lee A. Sherman, Esq. (SBN 172198)
Robert W. Thompson, Esq. (SBN 106411)
Douglas A. Wright, Esq. (SBN 239112)
**CALLAHAN, McCUNE & WILLIS, APLC**
111 Fashion Lane
Tustin, California 92780-3397
Tel.: (714) 730-5700
Fax: (714) 730-1642
E-mail:   Lee_Sherman@cmwlaw.net
          Robert_Thompson@cmwlaw.net
          Douglas_Wright@cmwlaw.net

[Additional Counsel listed on signature page]

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JOSE L. ACOSTA, JR., ROBERT RANDALL, and BERTRAM ROBISON, individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANS UNION, LLC, and Does 1 to 10, inclusive<br><br>Defendants.<br><br>ALL RELATED ACTIONS | CASE NO.: CV06-5060 DOC (MLGx)<br>JUDGE:   David O. Carter<br><br>**CLASS ACTION**<br><br>*ACOSTA* **PLAINTIFFS' OBJECTION TO: DECLARATION OF CHARLES JUNTIKKA IN SUPPORT OF** *WHITE/HERNANDEZ* **PLAINTIFFS' OPPOSITION TO THE** *ACOSTA/PIKE* **PLAINTIFFS' MOTION FOR AN ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>(Filed concurrently with:<br>1. Acosta's Reply In Support of Motion for an Order Granting Preliminary Approval of Settlement;<br>2. Acosta's Request for Judicial Notice;<br>3. Supplemental Declaration of Lee A. Sherman in support of Reply;<br>4. Declaration of Douglas A. Wright in support of Reply;<br>5. Supplemental Declaration of Peter L. Recchia in support of Reply;<br>6. Declaration of Gino P. Pietro in support of Reply; |

1

```
                                    ) 7. Declaration of David A. Clare in support
                                    ) of Reply;
                                    ) 8. Objection to Declaration of Diane
                                    ) Karpman;
                                    ) 9. Objection to Declaration of David A.
                                    ) Szwak;
                                    ) 10. Objection to Declaration of Geoffrey
                                    ) Miller;
                                    ) 11. Objection to Declaration of Jay
                                    ) Westbrook;
                                    ) 12. Objection to Declaration of Geoffrey
                                    ) Hazard;
                                    ) 13. Objection to Declaration of John
                                    ) Ulzheimer; and
                                    ) 14. Proof of Service
                                    )
                                    )
                                    ) DATE: January 22, 2007
                                    ) TIME:  8:30 a.m.
                                    ) DEPT: Courtroom 9D
```

COME NOW, Plaintiffs, Jose L. Acosta, Jr., Robert Randall, Bertram Robison and Kathryn Pike (jointly referred to herein as "Acosta") and respectfully submit their objections to the Declaration of Charles Juntikka submitted by the *White/Hernandez* Plaintiffs in opposition to Acosta's motion for preliminary approval of the class action settlement.

A. **GENERAL OBJECTIONS**

1. Juntikka's survey and his testimony based thereon are inadmissible as they do not meet the *Daubert* standards or the requirements of Rule 702. While the *White/Hernandez* plaintiffs have not specifically offered Juntikka as an "expert" (he is one of the co-counsel on the *White/Hernandez* matters), his attempt to conduct an admissible "survey" and to have he and the other *White/Hernandez* "experts" rely on it brings his testimony and his survey within the purview of Rule 702.

Under the rule, expert testimony is admissible under the following conditions: "[i]f scientific, technical, or other specialized knowledge will assist the

2

trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." (Fed. R. Evid. 702.) Trial judges act as gatekeepers by independently evaluating the admissibility of expert opinion testimony for reliability and relevancy. (*Kumho Tire Co., Ltd. v. Carmichael* 526 U.S. 137, 152 (1999); *Stecyk v. Bell Helicopter Textron, Inc.* 295 F.3d 408, 415 fn. 3 (2002).)

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993), the United States Supreme Court set forth a non-exclusive checklist for trial courts to use in assessing the reliability of scientific expert testimony. The specific factors cited by the Court in *Daubert* are: (1) whether the expert's technique or theory can be or has been tested--that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community. The burden for admission of the expert testimony is on the party offering the testimony and its admissibility must be shown by a preponderance of the evidence. (*Allison v. McGhan Med. Corp.* 184 F.3d 1300, 1306 (11th Cir. 1999).)

"[T]o qualify as 'scientific knowledge,' an inference or assertion must be derived by the scientific method." (*Daubert,* 509 U.S. at 591; *Hose v. Chicago Northwestern Transp. Co.*, 70 F.3d 968, 973 (8th Cir. 1995) [scientific knowledge is knowledge grounded "in the methods and procedures of science"]; *Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 832, 841 (9th Cir. 2001) ["focus is on principles

and methodology, not conclusions"].) Expert testimony based on technical knowledge is governed by the same concerns and criteria as the admission of expert testimony based on scientific knowledge. (Fed. R. Evid. 702; *Kumho Tire Co., Ltd.,* 526 U.S. at 147-148; *Walker v. Soo Line R.R. Co.,* 208 F.3d 581, 590 (7th Cir. 2000)] Thus, when considering the admissibility of testimony based on technical knowledge, courts must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline. (*Kumho Tire Co., Ltd.,* 526 U.S. at 149; *Cooper v. Carl A. Nelson & Co.,* 211 F.3d 1008, 1020-1021 (7th Cir. 2000) Whether a particular person has sufficient expertise to testify as an expert witness depends upon the facts of the particular case, the questions propounded to the witness, and the witness' specific qualifications. (*Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 723 (7th Cir. 1999); *Smelser v. Norfolk Southern Ry. Co.,* 105 F.3d 299, 303 (6th Cir. 1997) [when making preliminary finding re expert's qualifications "not. . . in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question"]; See e.g. *Jinro America Inc. v. Secure Investment, Inc.,* 266 F3d 993, 1004-1006, amended 272 F3d 1289 (9th Cir. 2001) (professional investigator was not qualified to testify as an expert on Korean business culture and currency practices). A witness who is eminently qualified to express an opinion in a particular field may be unqualified to express an opinion in some other related field. (See *Deasy v. United States,* 99 F3d 354, 358 (10th Cir. 1996); *Cummins v. Lyle Industries,* supra, 93 F3d at 365-366.)

In this case, Juntikka offers opinions based on his "survey" of selected credit reports of certain of his clients, which he and his staff prepared for purposes of this litigation. However, data collected in this fashion is not generally deemed reliable. (See *Monoz v. Orr* (5th Cir. 2000) 200 F.3rd 291, 301-302 – expert's reliance on data compiled by plaintiffs gave rise to "common sense skepticism"; see also *United States v. Marine Shale Processors* (5th Cir. 1996) 81 F.3rd 1361, 1370 –

financial incentives of litigation may pose a risk to the objectivity and neutrality of the person gathering the data "such that the data would not normally be considered reliable). Moreover, nowhere in his declaration does he offer any testimony establishing his credentials for designing, implementing or analyzing an acceptable survey. He offers no qualifications in statistics, statistical analysis, industrial and organizational psychology, mathematics or any other field that may qualify him to do so. He further offers no evidence regarding any protocols, nor does he even describe what specific analyses were performed or how he and his staff determined what analyses to perform.

For example, they discuss the amount of credit reports that would allegedly not be "fixed" if the settlement was approved, but there is no discussion of what percentage of the total inaccurate trade lines on the credit reports would be fixed or, for that matter, what that percentage would increase to if the consumers utilized the new reinvestigation procedures which shift the default to the benefit of the consumer. He offers no explanation for why the survey samples vary from issue to issue or paragraph to paragraph in his declaration and worse yet, he notes that "paralegals" working for he and his team are the ones that actually performed the review, but gives no descriptions of their protocols or assignments, no description of the time frame involved, no actual back up data to support the effort and no description of their qualifications to perform such an analysis.

Further, Juntikka offers no evidence to support his methodology or the statistical significance of his samples either in terms of the national class or the number of class members or even the kinds of debts involved. In fact, given the more than ten million putative class members in this case, Juntikka's sample sizes of approximately 900 of his clients each for Trans Union and Equifax is an infinitesimally small group (less than $1/100^{th}$ of 1 percent) that does not even approach anything statistically significant or scientifically acceptable.

///

The aforementioned facts establish that Juntikka's survey did not employ the accepted techniques, methods and safeguards of actual statistical experts. His methodology was not subjected to peer review and he offers nothing about error rates or variables in his data and no information establishing that his sample population is actually reflective of the class populous. Hence, the survey and his testimony based thereon must be excluded.

2.  The declaration of Juntikka should be excluded on the basis that neither Acosta nor the settling defendants were afforded a timely opportunity to cross-examine him with regard to his testimony, qualifications or bias. Namely, unlike Acosta, who produced their expert on less than a week of notice (and produced all documents related to the expert *though the stipulation negotiated between the parties relating to the deposition of experts did not require them to do so*), the *White/Hernandez* plaintiffs have refused to timely produce Juntikka for deposition, refused to produce any documents relating to their retention and communications with Juntikka and have attempted to hide behind the earlier stipulation as a means to prevent equal and full disclosure on these important topics. Without a fair opportunity to cross-examine Juntikka prior to filing their reply papers, Acosta (and the settling defendants) will be severely prejudiced. Thus, the court should exercise its discretion and exclude the testimony of Juntikka from its consideration on Acosta's motion for preliminary approval of the settlement. (*Barrett v. Atlantic Richfield Co.* 95 F.3rd 375).

**B.  SPECIFIC OBJECTIONS**

1.  Paragraphs 3- 4: Relevancy; Foundation; Inappropriate opinion testimony from lay witness: Mr. Juntikka's professional credentials are not relevant because he does not qualify as an expert nor is his research reliable, which forms the basis of his lay "opinions" as they were prepared for litigation and are therefore biased. *Daubert*, 43 F.3d at 1317.

///

1    Moreover, Mr. Juntikka's statements are offered in an attempt to lay a
2  foundation for inappropriate lay witness testimony and are therefore objectionable.
3  [FRE 701(c); *United States v. Peoples,* 250 F.3d 630, 639-42 (8th Cir. 2001)
4        2.    Paragraph 5: Hearsay; Relevancy; Foundation: Juntikka references
5  hearsay statements attributed to his clients. [FRE 801(c)]  Moreover, his testimony
6  on this issue does not tend to prove or disprove any fact pertinent to this matter and
7  therefore, is not relevant. [FRE 401]. And, there is either inadequate foundation or
8  no foundation whatsoever for Mr. Juntikka's conclusions.
9        3.    Paragraph 6: Hearsay; Relevancy; Foundation: Juntikka references
10 hearsay statements attributed to his clients. [FRE 801(c)]  Moreover, his testimony
11 on this issue does not tend to prove or disprove any fact pertinent to this matter and
12 therefore, is not relevant. [FRE 401]. And, there is either inadequate foundation or
13 no foundation for Mr. Juntikka's conclusions.
14       4.    Paragraph 7: Hearsay; Relevancy; Foundation: Juntikka references
15 hearsay statements. [FRE 801(c)] Moreover, his testimony on this issue does not
16 tend to prove or disprove any fact pertinent to this matter and therefore, is not
17 relevant. [FRE 401] And, there is either inadequate foundation or no foundation for
18 Mr. Juntikka's conclusions.
19       5.    Paragraph 10: Lacks foundation; Speculation; Relevancy [FRE 401];
20 Inappropriate Lay Opinion Testimony [FRE 701]: Juntikka does not provide a
21 proper foundation for the statements contained herein.  Moreover, his statements
22 are speculative and not relevant in that they do not tend to prove or disprove any
23 fact pertinent to this matter.
24       Moreover, this evidence is objected to on the grounds that it is an attempt to
25 introduce inappropriate Lay Opinion Testimony [See paragraph 1 above] [FRE 701
26 and *Peoples,* 250 f.3D AT 639-42]
27       6.    Paragraph 11: Relevancy [FRE 401]: This does not tend to prove or
28 disprove any fact pertinent to this matter.

7

   7.   Paragraph 12: Relevancy [FRE 401]: This does not tend to prove or disprove any fact pertinent to this matter.

   8.   Paragraph 13: Speculation; Foundation; Relevancy [FRE 401]: This statement in its entirety should be stricken because it does not tend to prove any fact pertinent to this matter. Moreover, Juntikka is speculating as to what his clients knew and he fails to provide proper foundation for his statistics.

   9.   Paragraph 14: Relevancy [FRE 401]; Foundation; Inappropriate Lay Opinion Testimony [FRE 701]: These statements do not tend to prove or disprove any fact pertinent to this matter and therefore, are not relevant. Moreover, there is either inadequate foundation or no foundation offered whatsoever to support Mr. Juntikka's conclusions as stated herein. And, the statements contained herein are objectionable as inappropriate Lay Opinion Testimony. [See Discussion above in paragraph 1]

   10.  Paragraph 15: Relevancy [FRE 401]; Legal Conclusion; Foundation. Inappropriate Lay Opinion Testimony [FRE 701]: These statements are not relevant as they do not tend to prove or disprove any fact pertinent to this matter. They also call for a legal conclusion as to whether or not "The credit reporting agencies denial of the benefits of the bankruptcy discharge order was a violation of the FCRA" and is further objectionable in that it offers no foundation to support said opinions. And, like much of this declaration, it includes statements which are offered as inappropriate Lay Opinion Testimony. [FRE 701]

   11.  Paragraph 16: Relevancy [FRE 401]: This does not tend to prove or disprove any fact pertinent to this matter.

   13:  Paragraphs 18-19: Foundation; Hearsay [FRE 801(c)]; Inappropriate Lay Opinion Testimony [FRE 701]: Juntikka does not establish the proper foundation or reliability for offering these statistics into evidence. [See General Objections] Moreover, the statements are objected to because they are based upon hearsay testimony from his clients and their credit reports. [FRE 801(c)] These

1  statements are also objected to on the grounds that they are inappropriate Lay
2  Opinion Testimony. [FRE 701- see above]
3      14.  Paragraph 20: Foundation; Hearsay [FRE 801(c)]; Inappropriate Lay
4  Opinion Testimony [FRE 701]: Juntikka does not establish the proper foundation
5  or reliability for offering these statistics into evidence. [See General Objections]
6  Moreover, the statements are objected to because they are based upon hearsay
7  testimony from his clients and their credit reports. [FRE 801(c)] These statements
8  are also objected to on the grounds that they are inappropriate Lay Opinion
9  Testimony. [FRE 701- see above]
10     15.  Paragraph 21: Foundation; Inappropriate Lay Opinion Testimony [FRE
11 701]: Juntikka does not establish the proper foundation or reliability for offering
12 these statistics. Further, Acosta incorporates herein by reference the objections
13 asserted above with regard to Juntikka's ability to present his "survey" evidence.
14 Moreover, this testimony is inappropriate Lay Opinion Testimony and is
15 therefore objectionable. [FRE 701- see above]
16     16.  Paragraphs 22-23: Foundation; Inappropriate Lay Opinion Testimony
17 [FRE 701]; Hearsay [FRE 801(c)]: Juntikka does not establish the proper
18 foundation or reliability for offering these statistics. Further, Acosta incorporates
19 herein by reference the objections asserted above with regard to Juntikka's ability
20 to present his "survey" evidence.
21 Moreover, this testimony is inappropriate Lay Opinion Testimony and is
22 therefore objectionable. [FRE 701- see above] And, is objected to because the
23 statements are based upon hearsay testimony from his clients and their credit
24 reports. [FRE 401]
25 ///
26 ///
27 ///
28

DATED: January 7, 2007      CALLAHAN, McCUNE & WILLIS, APLC

By _____
LEE A. SHERMAN
Attorneys for Plaintiffs, and on
behalf of persons similarly situated

Peter L. Recchia, Esq. (SBN 77857)
**LAW OFFICES OF PETER L. RECCHIA**
1605 E. 4th Street, Ste. 250
Santa Ana, CA 92701
Tel: (714) 541-2858
Fax: (714) 541-6880
E-mail:   Attnyrecchia@aol.com

Gino P. Pietro (SBN 129582)
**PIETRO AND ASSOCIATES**
1605 E. 4th Street, Ste. 250
Santa Ana, CA 92701
Tel: (714) 542-5004
Fax: (714) 542-0815
E-mail:   pietrolaw@sbcglobal.net

G:\PLF\050100\Motion for Prelim Approval\P-obj dec juntikka.doc