FILED

2007 JAN 18 PM 4: 11

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA

BY

Michael W. Sobol (State Bar No. 194857)
(msobol@lchb.com)
Allison S. Elgart (State Bar No. 241901)
(aelgart@lchb.com)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Michael A. Caddell (admitted *pro hac vice*)
(mac@caddellchapman.com)
George Y. Niño (State Bar No. 144623)
(gyn@caddellchapman.com)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, Texas 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

*Attorneys for Plaintiffs*

[Additional Counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

JOSE L. ACOSTA, JR., ROBERT RANDALL, and BERTRAM ROBINSON, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

TRANS UNION, LLC, *et al.*, and DOES 1 to 10, inclusive,

Defendants.

Case No. SA CV 06-5060 DOC (MLGx)

**DECLARATION OF STUART T. ROSSMAN IN SUPPORT OF OPPOSITION TO PLAINTIFFS' APPLICATION FOR PRELIMINARY APPROVAL**

DOCKETED ON CM

FEB - 5 2007

BY 082

131

I, Stuart T. Rossman, declare and state:

1. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

2. I am one of the attorneys working on behalf of the Class in the White/Hernandez litigation, and a senior litigator at the National Consumer Law Center. I submit this Declaration to confirm certain statements by Michael Caddell in his Declaration in Support of Opposition to the Plaintiffs' Motion for An Order Granting Preliminary Approval of Settlement.

3. I was present at and participated in the September 14, 2006 mediation with Justice Trotter. Early in this session, when meeting separately with the members of the *White/Hernandez* team, Justice Trotter told us that he believed counsel for TransUnion chose the *Acosta* lawyers to negotiate with for a national class action settlement of the FCRA claims, because TransUnion's counsel thought they "could get a better deal" from the Acosta counsel than from us.

4. Justice Trotter also told us that he had no opinion as to the "fairness or adequacy" of the proposed TransUnion settlement agreement. Justice Trotter reiterated that point ("I have no opinion as to the fairness or adequacy of the settlement") with respect to what was by then a proposed TransUnion/Equifax settlement in a telephone call on September 26 in which I participated with our co-counsel, Michael Sobol and Michael Caddell.

5. During the mediation, the *White/Hernandez* team made an effort to bring *Acosta* counsel into our team in order to attempt to obtain a better settlement for the class. We did so despite misgivings about *Acosta* counsel based on the inadequacy of the settlement they had agreed on. We offered to place Mr. Sherman on our steering committee, and to allocate fees based on our respective contributions to the class, with the *Acosta* team being credited for all of the time and expenses incurred in their pursuit of the *Acosta* and *Pike* cases. The emphasis of our proposal was that a better settlement could be obtained for the Class if

*Acosta* counsel would renounce their MOU and join forces with us to achieve the best possible result.

6. At this mediation session, Justice Trotter read the September 11, 2006 Sherman declaration in our presence. This declaration contains the representation that "Justice Trotter had suggested" a "procedural framework" which was "adopted" by both the *Acosta* plaintiffs and TransUnion. Justice Trotter put it down on the table and immediately commented: "This just isn't true." Justice Trotter then advised the *White/Hernandez* counsel that the procedural mechanism had been suggested by TransUnion's counsel.

7. On the October 3, 2006, I participated in a telephone conversation with Justice Trotter, Michael Sobol, Michael Caddell, George Nino and Mr. Sherman concerning the filing of Justice Trotter's declaration. In the course of the conversation I recall Justice Trotter making the following statement to Mr. Sherman upon learning that, to that date, his declaration had not been submitted to the Court: "You haven't filed it yet? File it, Lee [Sherman]."

8. I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

DATED: January 18, 2007, at Boston, Mass.

Stuart T. Rossman