FILED
2007 JAN 18 PM 4: 11

1  Michael W. Sobol (State Bar No. 194857)
   (msobol@lchb.com)
2  Allison S. Elgart (State Bar No. 241901)
   (aelgart@lchb.com)
3  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
4  Embarcadero Center West
   275 Battery Street, 30th Floor
5  San Francisco, CA  94111-3339
   Telephone: (415) 956-1000
6  Facsimile: (415) 956-1008

7  Michael A. Caddell (admitted *pro hac vice*)
   (mac@caddellchapman.com)
8  Cynthia B. Chapman (State Bar No. 164471)
   (cbc@caddellchapman.com)
9  George Y. Niño (State Bar No. 144623)
   (gyn@caddellchapman.com)
10 CADDELL & CHAPMAN
   1331 Lamar, Suite 1070
11 Houston, Texas 77010-3027
   Telephone: (713) 751-0400
12 Facsimile: (713) 751-0906

13 *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| JOSE L. ACOSTA, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>TRANS UNION, LLC, *et al.*, <br><br>Defendants. | Case No.: 06-cv-5060 DOC (MLG) <br><br>**DECLARATION OF CHARLES DELBAUM IN SUPPORT OF OPPOSITION TO PLAINTIFFS' APPLICATION FOR PRELIMINARY APPROVAL** <br><br>Date: January 22, 2007 <br>Time: 8:30 a.m. <br>Place: Courtroom 9D <br>Judge: Hon. David O. Carter |

DOCKETED ON CM
FEB - 5 2007

583859.1

DECLARATION OF CHARLES DELBAUM
CASE NO. 06-cv-5060 DOC (MLG)

I, Charles Delbaum, declare and state:

1. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

2. I was present at and participated in the September 14, 2006 mediation with Justice Trotter. Early in this session, when meeting separately with the members of the *White/Hernandez team*, Justice Trotter told us that he believed counsel for TransUnion chose the *Acosta* lawyers to negotiate with for a national class action settlement of the FCRA claims, because TransUnion's counsel thought they "could get a better deal" from the *Acosta* counsel than from us.

3. Justice Trotter also told us that he had no opinion as to the "fairness or adequacy" of the proposed TransUnion settlement agreement.

4. During the mediation, the *White/Hernandez* team made an effort to bring *Acosta* counsel into our team in order to attempt to obtain a better settlement for the class. We did so despite misgivings about *Acosta* counsel based on the inadequacy of the settlement they had agreed on. We offered to place Mr. Sherman on our steering committee, and to allocate fees based on our respective contributions to the class, with the *Acosta* team being credited for all of the time and expenses incurred in their pursuit of the *Acosta* and *Pike* cases. The emphasis of our proposal was that a better settlement could be obtained for the Class if *Acosta* counsel would renounce their MOU and join forces with us to achieve the best possible result.

5. At this mediation session, Justice Trotter read the September 11, 2006 Sherman declaration in our presence. This declaration contains the representation that "Justice Trotter had suggested" a "procedural framework" which was "adopted" by both the *Acosta* plaintiffs and TransUnion. Justice Trotter put it down on the table and immediately commented: "This just isn't true." Justice Trotter

then advised the *White/Hernandez* counsel that the procedural mechanism had been suggested by TransUnion's counsel.

    I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

    DATED: Jan. 18, 2007, at Boston, Massachusetts.

CHARLES DELBAUM