FILED

2007 JAN 18 PM 4: 10

1  Michael W. Sobol (State Bar No. 194857)
   (msobol@lchb.com)
2  Allison S. Elgart (State Bar No. 241901)
   (aelgart@lchb.com)
3  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
4  Embarcadero Center West
   275 Battery Street, 30th Floor
5  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
6  Facsimile: (415) 956-1008

7  Michael A. Caddell (admitted *pro hac vice*)
   (mac@caddellchapman.com)
8  Cynthia B. Chapman (State Bar No. 164471)
   (cbc@caddellchapman.com)
9  George Y. Niño (State Bar No. 144623)
   (gyn@caddellchapman.com)
10 CADDELL & CHAPMAN
   1331 Lamar, Suite 1070
11 Houston, Texas 77010-3027
   Telephone: (713) 751-0400
12 Facsimile: (713) 751-0906

13 *Attorneys for Plaintiffs*

14
                    UNITED STATES DISTRICT COURT
15                  CENTRAL DISTRICT OF CALIFORNIA
16                        SOUTHERN DIVISION

17

18 JOSE L. ACOSTA, *et al.*,           Case No.: 06-cv-5060 DOC (MLG)

19           Plaintiffs,              **DECLARATION OF MICHAEL W.
                                      SOBOL CONCERNING DECLARATION
20 v.                                 OF LEE A. SHERMAN IN RESPONSE TO
                                      THE COURT'S ORDER GRANTING
21                                    RECONSIDERATION OF ITS EARLIER
   TRANS UNION, LLC, *et al.*,        ORDER GRANTING THE EXPEDITED
22                                    DEPOSITIONS OF ELIZABETH
             Defendants.              WARREN AND EVAN HENDRICKS IN
23                                    CALIFORNIA**

24
                                      Judge:   Hon. David O. Carter
25

26

27                  DOCKETED ON CM

28                  FEB - 5 2007
                                                  SUPPLEMENTAL DECLARATION OF
   585679.1              082                             MICHAEL W. SOBOL
                  BY                               CASE NO. 06-cv-5060 DOC (MLG)

I, Michael W. Sobol, declare and state:

1. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

2. On January 9, 2007, the Court issued a Minute Order Granting *Ex Parte* Motion to Reconsider Order Granting Leave to Conduct Expedited Depositions ("Reconsideration Order").

3. While the Court noted it is ordinarily disinclined to reconsider its orders, it did so, finding that counsel for the *Acosta* Plaintiffs "egregiously misrepresented" the *White/Hernandez* plaintiffs' position by making the "patently false" assertion that they did not oppose having the depositions of two East Coast witnesses appear for a deposition in California. *Reconsideration Order* at 2. The Court stated, "the *White/Hernandez* Plaintiffs vigorously objected to the *Acosta* Plaintiffs' request that the Warren and Hendricks depositions take place in Orange County, California." *Id.*

4. The Court's findings and rulings in its Reconsideration Order are well founded.

5. That the Court's Reconsideration Order is well-founded is made all the more evident by the recent declaration filed by *Acosta* plaintiffs' lawyer, Lee Sherman.[1] There, Mr. Sherman attaches an exchange of draft letters to be addressed to the deponents between myself and his office (via email) wherein I modified certain language to make absolutely clear that the White/Hernandez plaintiffs did not agree to having the depositions take place in California. Mr. Sherman claims that he mistakenly concluded from this exchange of drafts that I had agreed to have the depositions take place in California. A comparison of the relevant language first proposed by Mr. Sherman's office, and then as later modified by me is instructive:

---

[1] *See* Declaration of Lee A. Sherman In Response to the Court's Order Granting Reconsideration of Its Earlier Order Granting the Expedited Depositions of Elizabeth Warren and Even [sic] Hendricks in California, dated January 12, 2007.

Mr. Sherman's proposed language (emphasis added):

"With that in mind, **counsel for both** Acosta **and** White/Hernandez hereby **jointly** inquire as to whether you will **agree to come to California** for the requested deposition."

This being unacceptable to the White/Hernandez plaintiffs, I modified that language to read as follows (emphasis added):

"With that in mind, the parties hereby jointly inquire as to available dates for your deposition in the next 60 days. In addition, **counsel for the Acosta plaintiffs hereby request that you appear in California** for the requested deposition."

These proposed language edits to the draft letters – the very ones cited by Mr. Sherman in his most recent declaration – clearly demonstrate that he is once again incorrect in his assertion that the White/Hernandez plaintiffs had agreed to have the depositions take place in California. (I should further note that I referred to this exchange of draft letters to the deponents in my original declaration submitted in opposition to having the depositions take place in California.)

6. Mr. Sherman professes "confusion" caused by my statement that the White/Hernandez plaintiffs had decided not to oppose the request to take the depositions. There is no reason for such confusion, as our position has been consistent throughout the meet and confer process on this issue. As set forth in the White/Hernandez plaintiffs' opposition to the Acosta plaintiffs' ex parte request to have the depositions take place in California (and which the Court indicates it has reviewed in ordering reconsideration), on more than one occasion the White/Hernandez plaintiffs told Mr. Sherman that, while we would not oppose the occurrence of the depositions, we could not agree to have the depositions held in California. For example, on November 27, 2006, we offered to "facilitate the scheduling of the depositions," but further stated, "we do not think it is appropriate

to require that the depositions take place in California." And on November 29, 2006, we told Mr. Sherman's office that "we will not oppose the depositions occurring on an expedited basis," but that we "cannot commit . . . that [the depositions] be held in your offices [in California]."

7. Lastly, on December 18, 2006, I wrote to Mr. Sherman after receiving his *ex parte* application to depose the witnesses in California, telling him that he misrepresented our position, asking him to withdraw the application, but that if he did not, we would oppose it. We cited to Mr. Sherman our prior correspondence presenting our consistent position. In reply correspondence on December 19, 2006, Mr. Sherman refused to withdraw the application, stating that because of our "inability or unwillingness to commit" as to the venue of the depositions, he was correct to file an unopposed *ex parte* application. This reveals that the statement in Mr. Sherman's recent declaration filed with the Court, that "Acosta's counsel relied in good faith on Mr. Sobol's statement in bringing the *ex parte* in question," is disingenuous.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____, 2007, at San Francisco, California.

/s/ Michael Sobol

MICHAEL W. SOBOL